IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 2:26-cv-01160

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

LAW OFFICES OF PAUL AJLOUNY &
ASSOCIATES P.C.,

    Defendant.

## COMPLAINT

Plaintiff Christopher Sadowski ("Plaintiff") sues defendant Law offices of Paul Ajlouny & Associates P.C. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of New Jersey residing in the State of New Jersey.

2. Defendant is a Professional Corporation organized and existing under the laws of the State of New York with its principal place of business located at 320 Old Country Road, Garden City, NY 11530. Defendant serves as its own agent for service of process at 320 Old Country Road, Garden City, NY 11530.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine, and People Magazine.

7. Throughout his career, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition.

8. Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord, and renewal.

9. Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

10. Plaintiff maintains a commercial website (http://www.csnyphoto.com) which

describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11.     Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

**II.     The Work at Issue in this Lawsuit**

12.     In 2017, Plaintiff created a professional photograph of a traffic camera titled "053117camera4CS" (the "Work").  A copy of the Work is displayed below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

13. The Work was registered by Plaintiff with the Register of Copyrights on July 2, 2018 and was assigned Registration No. VA 2-108-670. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

15. The Work was licensed to the *New York Post* and published alongside an article titled "Transit advocates blast state for not renewing speed cameras program" The foregoing New York Post article (immediately below the Work appearing in the article) credits Plaintiff as the author/creator of the Work – an attribution known in the industry as a "gutter credit" (available at https://nypost.com/2018/06/21/transit-advocates-blast-state-for-not-renewing-speed-cameras-program/):



### III. Defendant's Unlawful Activities

16. Defendant is a law firm that, among practice areas, specializes in injury law.

17. Defendant advertises/markets its business through its website (https://ajlounyinjurylaw.com/), social media (e.g., https://www.facebook.com/caraccidentlawyernyc), and other forms of advertising.

18. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business (at https://www.facebook.com/photo/?fbid=1733512053363705&set=a.542775459104043):



19. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

20. In publishing the Work online, Defendant cropped the Work so as to remove Plaintiff's gutter credit. The remaining details of the photographs, however, unequivocally show the photographs to be the same.

21. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

22. Defendant utilized the Work for commercial use.

23. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

24. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in December 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

25. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

28. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29. As a result of Plaintiff's reproduction, distribution, and public display of the Work,

Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

30. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

31. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

32. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

33. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendant (via Federal Express, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, social media, and/or printed media.  See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10

n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendant's website, webpage, social media, and/or printed media.

34. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

38. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the

Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: February 27, 2026.   COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
       Daniel DeSouza, Esq.